UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00213-01<br>CIVIL ACTION NO. 11-0364 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JACK WILSON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 36) filed by Petitioner Jack Wilson ("Wilson"). Wilson seeks an order from the Court vacating and/or reducing his sentence on the grounds that his sentence was "greater than necessary" and that United States Sentencing Guideline (U.S.S.G.) § 2G2.2 is fatally flawed. He also claims that his counsel was ineffective for failing to discover powerful evidence that was readily available. For the reasons set forth below, Wilson's motion is **DENIED**.

**BACKGROUND**

On July 23, 2008, a federal grand jury indicted Wilson, charging him with one count of possession of child pornography, in violation of 18 U.S.C. § 2252(A)(a)(5)(b). See Record Documents 1-2. Pursuant to a written plea agreement, Wilson plead guilty to the charge on February 24, 2009. See Record Documents 20-21.

Wilson was sentenced on June 3, 2009 to 60 months of imprisonment and a fine of $60,000. See Record Documents 23, 25. The 60 month term of imprisonment fell within the guideline imprisonment range of 57 to 71 months. See Presentence Investigation Report at ¶ 51. Upon release from imprisonment, Wilson will be placed on supervised release for a period of five years. See Record Documents 23, 25.

A Notice of Appeal was filed on June 9, 2009.  See Record Document 26.  The United States Court of Appeals for the Fifth Circuit affirmed Wilson's conviction and sentence on March 23, 2010.  See Record Document 35.

Now before the Court is Wilson's Section 2255 motion.  See Record Document 36.  He asserts the following grounds for relief:

(1) His sentence was "greater than necessary" under U.S.S.G § 2G2.2 because said guideline is fatally flawed, as it was not the product of empirical evidence gathered by the Sentencing Commission but was, rather, enacted by Congress; and

(2) He received ineffective assistance of counsel because his counsel did not discover evidence that was readily available which would have had a bearing on his sentence.

See id.  Wilson relies heavily upon a paper drafted by a federal public defender Troy Stabenow entitled Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines (Jan. 1, 2009).  Wilson requests several specific forms of relief:  (1) conversion of 60 month sentence to one year probation; (2) expungement of his felony record and conversion to a misdemeanor; (3) waiver of supervised release; (4) reduction of fine and reimbursement of amounts previously paid; (5) computer monitoring, if deemed necessary by the Court, at no expense to him; (6) waiver of sex offender registration requirements; and (7) resubmission of a plea agreement of a lesser charge.

The United States of America ("the Government") answered Wilson's Section 2255 motion on May 5, 2011.  See Record Document 38.  The Government contends that the general issues raised by Wilson are not presently cognizable.  See id.  Additionally, the Government argues that Wilson's contention that § 2G2.2 is structurally flawed and his

ineffective assistance of counsel claim lack merit. See id.

## LAW AND ANALYSIS

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-232 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-165, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited.

**I.       Procedural Bar.**

"Review of convictions under [S]ection 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." U.S. v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). "Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice." Id.

A defendant who has raised either a constitutional or jurisdictional error for the first time on collateral review must show both "cause" for his procedural default and "actual prejudice" resulting from the asserted error. See Bousley v. U.S., 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998); U.S. v. Walker, 68 F.3d 931, 934 (5th Cir. 1995); U.S. v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994). Any defendant who does not meet the burden of

showing both cause and prejudice or actual innocence[1] is procedurally barred from attacking his conviction.

A defendant may establish "cause" for his procedural default by showing "that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances." U.S. v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996). Objective factors include interference by officials that make compliance with the procedural rule impracticable, or a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. See id. (internal quotations and citations omitted).

In addition to showing cause, the defendant must establish actual prejudice to overcome the procedural bar. See id. at 994. A defendant shows actual prejudice when he demonstrates that, but for the claimed error, he might not have been convicted. See id. In the case of a guilty plea, as in the instant case, a defendant must show that absent the error he would not have pleaded guilty and would have insisted on going to trial. See id.

Wilson appealed his conviction and sentence. However, the record reveals that he did not argue on appeal that § 2G2.2 was structurally and/or fatally flawed.[2] Likewise, he

---

[1]"The only exception to the cause and prejudice test is the extraordinary case in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." U.S. v. Young, 77 F. App'x 708, 709 (5th Cir. 2003).

[2]In U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992), the Fifth Circuit held that the technical application of the Sentencing Guidelines does not give rise to constitutional issues. Thus, Wilson's contention that § 2G2.2 should be given little weight does not appear to be constitutional or jurisdictional in nature.

did not raise the issue of a Brady violation on direct appeal.³ To now advance these claims pursuant to Section 2255, Wilson must demonstrate cause and prejudice. Yet, his motion offers no explanation or "cause" for his failure to raise these issues on direct appeal. While ineffective assistance of counsel in the constitutional sense can constitute "cause," Wilson's ineffective assistance of counsel claims fail. See infra. Wilson also makes no claim of actual innocence, stating in his motion that he "is sincere in expressing his remorse and humility for the offense." Record Document 36-1 at 6. Thus, Wilson has not overcome the procedural bar in regards to his claims that § 2G2.2 was flawed and that there was a Brady violation. Notwithstanding, the Court will examine the merits of his claims relating to the child pornography sentencing guidelines.⁴

## II. U.S.S.G. § 2G2.2.

Wilson contends that § 2G2.2 is so structurally and fatally flawed that he is entitled to a new sentence. He bases his argument on the Stabenow paper/article; data from the United States Sentencing Commission; material from Douglas Berman's Sentencing Law and Policy Blog; and case law decide prior to his sentencing wherein Courts varied downwards based on concerns with the child pornography guidelines.

The Fifth Circuit has addressed, and rejected, arguments that are the same or similar to those offered by Wilson. In U.S. v. Ray, 363 Fed.Appx. 311 (5th Cir. 2010), the Fifth Circuit rejected the defendant's argument that the sentencing court should have given

---

³Wilson maintains that the Stabenow article and other case law discussing sentencing in child pornography cases were Brady material withheld by the prosecution.

⁴The Court will not analyze, in depth, the merits of Wilson's Brady claim, as an article written by a federal public defender, information contained on a blog, and case law can hardly be deemed Brady material.

minimal weight to U.S.S.G. § 2G2.2 because it was not based on empirical evidence and resulted in "exponentially high sentences for person convicted of possessing child pornography." Likewise, in U.S. v. Bronnenberg, 353 Fed.Appx. 939 (5th Cir. 2009), the Fifth Circuit reasoned that "the fact that [defendant's] within guideline sentence is based on a sentence guideline that is supported by empirical data does not render it unreasonable." Id. at 940. In U.S. v. Meuir, 344 Fed.Appx. 3 (5th Cir. 2009), the Fifth Circuit discussed the purported flaws in § 2G2.2 at length:

> Appellant's second argument in favor of his request for a downward variance at sentencing—that § 2G2.2 was structurally flawed because it was amended directly by Congress, circumventing the Sentencing Commission—is clearly meritless. The Sentencing Commission derives its authority from Congress, and Congress can amend the Guidelines directly should it choose to do so. 18 U.S.C. § 3553(a)(4)(A)(I). The simple fact that Congress directly amended a Guideline does not render that Guideline flawed. The district court's failure to respond directly to this argument when giving a within-Guideline sentence is not procedural error, since the argument is not legitimate. Appellant also makes a separate claim of procedural error on the grounds that because of the allegedly flawed nature of § 2G2.2 any consideration of that Guideline at sentencing constitutes procedural error. This contention is meritless for the same reasons.

Id. at 7.

This Court also finds U.S. v. Johnson, 765 F.Supp.2d 779 (E.D.Tex. 2010), to be particularly informative. In Johnson, the defendant moved for a downward variance and relied upon the Stabenow paper to support his contention that the child pornography guidelines were entitled to neither respect nor deference. See id. at 780. In rejecting the defendant's argument, the court stated:

> The Stabenow article may serve a useful purpose in suggesting that Congress and the Commission revisit these Guideline provisions. However, [the defendant's] argument that the article provides a basis for courts to reject the Guidelines out of hand misapprehends the authority delegated to the Commission, ignores the fundamental role and power of the legislative

> branch, and misstates recent holdings of the Supreme Court.
>
> First, the findings of the Sentencing Commission, as an advisory body, are not binding on Congress. . . .
>
> Second, the Stabenow article ignores the difference between the power of Congress to authorize and approve the Guidelines, and the role of the courts in applying them. Not to belabor the obvious, but subject to constitutional limitations, Congress has the power to enact laws setting the sentences for violations of federal criminal law. It certainly has the power to establish guidelines for such sentences.
>
> ...
>
> [T]he court rejects the argument that the Sentencing Guidelines applicable to possession of child pornography can be ignored or disparaged, simply because some writers or courts have concluded that Congress was involved in increasing those Guideline ranges.

Id. at 781-782.

The aforementioned case law clearly establishes that at the time of sentencing this Court was under no obligation to weigh or consider the type of "research" presented in the Stabenow article. The same holds true for this Court's Section 2255 analysis. Therefore, Wilson's argument that § 2G2.2 is fatally flawed, thus requiring a new sentence, is wholly without merit.

**III.    Ineffective Assistance of Counsel.**

Wilson argues that his counsel was ineffective because he should have been aware of, and also provided the Court with, the cases and articles providing that downward departures were appropriate for cases involving § 2G2.2 because of the guideline's defective enactment. This claim may be considered under Section 2255 because the Sixth Amendment right to counsel "is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 104 S.Ct. 2052, 2065 (1984).

In order to prevail on a claim of ineffective assistance of counsel, Wilson must prove (1) that his counsel's actions were deficient, i.e., fell below an objective standard of reasonableness; and (2) that his counsel's deficient performance prejudiced the defense, i.e., his attorney's "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Wilson bears the burden of proving both prongs of the Strickland test. See U.S. v. Franks, 230 F.3d 811, 813 (5th Cir. 2000). "Failure to establish deficient performance or prejudice defeats an ineffective assistance claim." Id. Courts need not analyze the Strickland prongs in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 172 n. 6 (5th Cir. 1998).

Under the first prong of the Strickland test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Under the second prong, the defendant must show "that there is reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). In other words, "to establish prejudice . . ., a defendant must show that his attorney's errors were so serious as to render the proceedings unreliable and fundamentally unfair." U.S. v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994).

Wilson's ineffective assistance of counsel claim fails. The attorney's failure to provide the Court with the materials did not fall below an objective standard of reasonableness. Moreover, there is nothing in the record to indicate that submission of the

material would have resulted in a lower sentence.

In its answer, the Government refers to <u>McKee v. U.S.</u>, No. 09-3148, 2010 WL 1664081 (D.Md. April 21, 2010), which this Court finds to be persuasive. In <u>McKee</u>, the defendant argued "his attorneys . . . should have presented to him and the Court an article by Troy Stabenow, which attacks the methodological problems with the Sentencing Guideline's calculation of the appropriate range for child pornography offenses." <u>Id.</u> at *2 (internal quotations omitted). The <u>McKee</u> court further noted:

> That a court *may* impose below-guideline sentences for child pornography offenses solely based upon policy disagreements with those guidelines . . . does not entail that they must do so. Accordingly, despite criticism of the child pornography Guidelines, many courts still sentence within them.

<u>Id.</u> Noting first that defense counsel had argued for the lowest sentence within the agreed-upon guidelines range, the court did not criticize defense counsel's reasonable tactical decision not to attack the child pornography guidelines and concluded that the attorney's performance was not deficient. <u>See id.</u>

Here, the sentencing transcript reveals that Wilson's attorney argued for a below guideline sentence. <u>See</u> Record Document 33 at 8-11. He requested an "inventive," "alternative form of sentencing," specifically suggesting a suspended sentence or a sentence of home detention. <u>See</u> Record Document 33 at 10-11. In light of these facts, this Court will not second guess the defense attorney's tactical decision not to attack the child pornography guidelines and finds that the performance of Wilson's attorney was reasonable. Wilson's claim of ineffective assistance of counsel is without merit.

## CONCLUSION

Based on the foregoing, the Court finds that the issues in Wilson's Section 2255

motion are either procedurally barred and/ or lack merit. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 36) must be **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of January, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE